**Dushon HAMPTON, Petitioner–Appellant,**

v.

**Jonathan EPSTEIN; David W. Wright, Defendants–Appellees.**

No. 03–1251.

United States Court of Appeals, Sixth Circuit.

Sept. 12, 2003.

Dushon Hampton, Detroit, MI, for Plaintiff–Appellant.

Before SUHRHEINRICH, COLE, and ROGERS, Circuit Judges.

*ORDER*

Dushon Hampton, a pro se Michigan resident, appeals a district court order dismissing his civil action construed as being filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Hampton sued two private attorneys contending that they rendered ineffective assistance of counsel and failed "as my counsel to protect my civil rights from incompetent Judges and underhanded prosecutors who abused their power to coerce a guilty plea." The district court dismissed the complaint as frivolous. The district court subsequently dismissed Hampton's timely motion for reconsideration. On appeal, Hampton asserts that the district judge was prejudiced in concluding that his complaint was frivolous. He also argues the merits of his complaint.

The district court's order is reviewed de novo. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

The district court properly dismissed the complaint as frivolous. Neither of Hampton's attorneys are subject to suit under § 1983. A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983. *Polk County v. Dodson,* 454 U.S. 312, 318, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Therefore, Hampton failed to state a § 1983 claim against his former attorneys.

Hampton contends that the district court's decision establishes bias. However, a review of the record shows that the district judge was not biased. Hampton simply failed to state a civil rights action against his attorneys.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.